FRANK IANNE, as Administrator of the Estate of ANSILIO IANNE, Deceased, Respondent, v. UNITED STATES GYPSUM COMPANY, Appellant.

#### Master and servant — negligence — evidence.

In an action to recover for the death of an employee, which was alleged to have been caused by the falling of the roof of a mine through negligence of the employer, the complaint made no charge as to mismanagement of the mine. A witness was allowed to testify that the mine was properly managed in the firing of the blasts under his superintendency, and that afterward the manner of firing of blasts was more dangerous and liable to loosen the overhanging rocks. *Held*, that the evidence was incompetent and should have been excluded.

*Ianne* v. *United States Gypsum Co.*, 126 App. Div. 244, reversed.

(Argued December 17, 1908; decided January 5, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 23, 1908, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*H. E. Rourke* for appellant. The court permitted plaintiff to introduce evidence that was incompetent, improper and irrelevant to the issues. It was most damaging and prejudicial to defendant. (Baylies on New Trials & App. [2d ed.] 343, 344; *Foote* v. *Beecher*, 78 N. Y. 158; *Jefferson* v. *N. Y. E. R. R. Co.*, 132 N. Y. 483; *Schoonmaker* v. *Wolford*, 20 Hun, 166; *Green* v. *Disbrow*, 56 N. Y. 334.)

*Eugene M. Bartlett* for respondent. No reversible errors were committed by the court in ruling upon questions of evidence. (*Bayliss* v. *Cockroft*, 81 N. Y. 363; *Greenfield* v. *People*, 85 N. Y. 90.) The court in its charge, having limited the basis upon which the plaintiff might recover to the one act of neglect on the part of the defendant in failing to properly timber the roof of the mine, thereby eliminated all other questions pertaining to the method of doing the work or enforcing observance of rules, it must be assumed that the jury followed the court's instruction and disposed of the defendant's liability on the ground of that neglect alone. (*Greenfield* v. *People*, 85 N. Y. 90.)

*Per Curiam.* The defendant was engaged in mining gypsum at Oakfield, Genesee county, and for that purpose had sunk a shaft perpendicularly, fifty feet in depth, from the bottom of which it had tunneled to different parts of the mine, following as nearly as could be the veins of gypsum. The rock from which the gypsum was quarried was about four feet in thickness, and this rock was dislodged by means of explosives and when so dislodged it was loaded into cars

which were pushed by the men at work in the mines upon a track laid therein to a mule track, where it was hauled to the shaft and hoisted to the surface. Over the gypsum rock there was a stratum of rock about two feet in thickness, which was called by a witness ash-rock, and over that was a limestone formation. There was evidence tending to show that the ash-rock when exposed to the air was liable to deteriorate and fall unless supported by props, and that a room of fifty or sixty feet in dimensions had been excavated and had remained for nearly a month unpropped. On the 23d of October, 1906, the decedent was in the employ of the defendant engaged in pushing the car, which had been loaded with props for the purpose of supporting the ash-rock over the gypsum rock which had been excavated. While the decedent and another employee were pushing the car loaded with props into the part of the mine where they were to be used, the ash-rock fell upon the decedent causing his death.

The complaint charges negligence on the part of the defendant in failing to warn or notify the decedent of the danger attending his labor through its neglect to properly timber or support the roof of the mine, through its neglect to provide safe and proper places in which to perform his work, through its neglect to properly inspect the mine after blasting, through its neglect to post rules for the guidance of employees, under the provisions of chapter 415 of the Laws of 1897, and through the neglect and failure of the defendant to employ a competent superintendent and overseer and competent fellow-servants to work with the decedent. It will be observed that there was no allegation of improper operation of the mine in other respects. Upon the trial a witness by the name of Watts was sworn on behalf of the plaintiff and gave evidence to the effect that he had been superintendent of the mine for some years up to the month of June before the accident, and then he was permitted to testify, under objections and exceptions of the defendant, that in blasting the rock he used black powder; that the manager of the mine had requested him to set off two or more blasts at one

time, which he had refused to do, for the reason that it would increase the danger of the work; that the purpose of such request on the part of the management was to save time and expense.   Other evidence was given to the effect that after witness had ceased to be superintendent of the mine, dynamite was substituted in the place of powder; that a number of holes were drilled which were filled with dynamite, and then fired either by fuses or electricity ; and that several such blasts had been fired in the vicinity of the accident shortly before its occurrence, and that there had been no inspection of the mine thereafter before the accident.

The tendency of the evidence given by witness Watts was that the mine was properly managed in the firing of the blasts under his superintendency, and that the management afterwards in the firing of blasts used a more dangerous material which was liable to loosen the overhanging rocks.   In view of the fact that no charge of mismanagement of the mine was made in the complaint, we think this evidence was incompetent and should have been excluded by the court; that its effect may have been to prejudice the jurors against the officers of the defendant in their endeavor to save time and money in the firing of numerous blasts at about the same time.   It is true that this branch of the case was not submitted to the jury in the charge made by the trial judge, but the jurors were not instructed to disregard it.   We consequently entertain the view that the error is such as to call for a reversal of the judgment.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., VANN, WERNER, HISCOCK and CHASE, JJ., concur; EDWARD T. BARTLETT and HAIGHT, JJ., dissent.

Judgment reversed, etc.